CLARENCE C. WETTERAU et al., Respondents, v. SAMUEL JACOBSON, Appellant. — Defendant has appealed from a judgment of the Montgomery Trial Term of the Supreme Court in plaintiffs' favor in the sum of $2,800 in an action to recover damages. Plaintiffs and defendant are the owners of adjoining property. Defendant made excavations upon his land and as a result plaintiffs' building was damaged. Plaintiffs charge that defendant in making the excavation violated the provisions of the Building Code of the City of Amsterdam and also violated a written agreement as to the construction of a retaining wall. The jury resolved the issues in plaintiffs' favor and the evidence sustains their verdict. Judgment and order affirmed, with costs. All concur, except Brewster, J., who dissents in the following memorandum: I dissent and favor a reversal of the judgment and order appealed from and the ordering of a new trial upon the grounds that the verdict is contrary to the evidence and the law. The issues were not adequately delineated in the proofs nor clarified by the charge to the jury. Plaintiffs' first cause of action seems to have been expressly withdrawn or waived. It lacked sufficient evidentiary support. But it seems to have been the principal cause submitted. Evidence that plaintiffs' alleged damage was occasioned by defendant's breach of contract, if it may be said to have raised a question of fact, was sent to the jury on the theory of a cause of action pleaded, but withdrawn, and which was unsupported by evidence.

MARY L. BURKE, Respondent, v. TROY SAVINGS BANK, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Rensselaer County, entered in the office of the Clerk of that county May 22, 1944, in the sum of $6,411.25 upon a verdict after a jury trial (Bergan, J.), and from an order denying defendant's motions for a directed verdict and to set the rendered verdict aside. The evidence presented questions of fact as to defendant's negligence, and its sole causal relation to plaintiff's accident and consequent injuries. The verdict is amply supported by evidence. Judgment and order affirmed, with costs to appellant. All concur. [See 269 App. Div. 720.]